[Criminal No. 905.   Filed March 10, 1941.]

[111 Pac. (2d) 70.]

## THE STATE OF ARIZONA, Plaintiff, v. TOM STEWART, Defendant.

Mr. Richard F. Harless, County Attorney, and Mr. Fred C. Struckmeyer, Jr., Deputy County Attorney, for Plaintiff.

Mr. Howard W. Gibbons, for Defendant.

LOCKWOOD, C. J.—This matter is certified to us under the provisions of section 44–2401, Arizona Code 1939, and involves the sufficiency of an information. It is drawn under the provisions of section 66–402, Arizona Code 1939, which reads so far as material, as follows:

*"Driving while under influence of liquor or drugs— Penalty.* Any person under the influence of intoxicating liquor or narcotic drugs, . . . who shall drive any vehicle upon any highway within this state, shall be guilty of a misdemeanor, . . . "

The charging part of the information is in these words:

"The said Tom Stewart on or about the 2nd day of February, 1941, and before the filing of this information at and in the County of Maricopa, State of Arizona, did then and there wilfully and unlawfully operate and drive a vehicle, to-wit, an wagon and team, upon and along that certain public highway in the County of Maricopa, State of Arizona, commonly known as and called Buckeye Road between Laterals 21 and 22, while he the said Tom Stewart was intoxicated and under the influence of intoxicating liquor;"

■ It will be seen upon a comparison of the information with the section under which it is drawn that it states all the essential elements of the offense defined therein with the certainty required by section 44–709, Arizona Code 1939.

■■ But it may be urged that the description of the "vehicle" in the information as "an wagon and team" does not fall within the meaning of the word "vehicle" as found in section 66–402, *supra,* because in the Code of 1939, section 66–402 appears in chapter 66 thereof, entitled "Motor vehicles" and that all of the vehicles referred to therein must be motor vehicles only. This argument might have much force

were it not for two considerations. The section was adopted by our Legislature in 1928 as section 1688, which was a part of chapter 31 of the 1928 code, entitled "Highways", and of article 9 thereof, which is entitled "Definitions and penalties." The Code of 1939 is a compiled and not a revised code, as was that of 1928, and the titles, arrangement and numbering of the different chapters, articles and sections thereof are made by the compiler and not by the Legislature, as in the Code of 1928. Section 66–401, Arizona Code 1939, which was section 1686 in the Code of 1928, and is also found in article 9 thereof, reads, in part, as follows:

"Words and phrases defined.—In this and the preceding eight articles (sections 47–125—47–127; 59–101—59–312; 66–101—66–325), unless the context or subject matter otherwise requires, . . .

" 'Vehicle' shall mean any device in, upon, or by which any person or property is or may be transported or drawn upon a public highway, excepting devices moved by human power or used exclusively upon stationary rails or tracks; provided, that for the purposes of this chapter relating to the operation of vehicles and rules of the road, a bicycle or ridden animal shall be deemed a vehicle; . . . "

When an attempt is made to use the location of a particular section of a Code in a certain article or chapter as an aid in the construction of the section, it is the location of the section in the law as enacted by the Legislature, and not its location in a compilation, which governs.

It will be seen when the Legislature adopted section 1688, in the Code of 1928, it expressly made the definition of the word "vehicle" in that section so broad that it includes not only all animal-drawn vehicles, but even ridden animals and bicycles.

We think, therefore, that an information charging that a person under the influence of intoxicating liquor

drove a team and wagon upon a public highway within this state, states a public offense under section 66–402, *supra,* and that the motion to quash should be denied.

McALISTER and ROSS, JJ., concur.